UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Steve Kryzer,<br><br>Plaintiff,<br><br>vs.<br><br>BMC Profit Sharing Plan, BMC Industries, Inc., Vision-Ease Lens, Inc., and, John Does 1-3,<br><br>Defendants. | Civil No. 01-CV-299 (MJD/JGL)<br><br><br><br><br><br>MEMORANDUM OPINION AND ORDER |

---

David S. Goldberg and Douglas A. Hedin, Hedin & Goldberg, P.A. for and on behalf of the Plaintiff.

Alan I. Silver and Kevin P. Hickey, Bassford, Lockhart, Truesdell & Briggs, P.A. for and on behalf of the Defendants.

---

In 1979, Plaintiff Steve Kryzer ("Kryzer") became employed as a salesman for Vision-Ease Lens, Inc. ("Vision-Ease"), a subsidiary of Defendant BMC Industries, Inc. ("BMC"). Also in 1979, BMC established an employee savings plan, and in 1985, BMC established a profit sharing plan for the benefit of its employees and the employees of subsidiaries such as Vision-Ease (referred to herein as "the Plan"). In 1980, Kryzer's employment was terminated and he became an independent contractor of Vision-Ease. Each year after 1980, Kryzer and the corporation he created, Steven W. Kryzer Inc., signed an independent contractor agreement with Vision-Ease. See, Silver Affidavit, Exs. A-E. These agreements clearly provided that Kryzer was considered an independent

FILED NOV 0 2 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 0 2 2001
DEPUTY CLERK

contractor, and not an employee. See eg., Id., Ex. A, Section 2.01. Kryzer continued as an independent contractor until January 1, 1998, when he was again hired as a salaried employee of Vision-Ease. Id., Ex. H. At the time he was offered employment, Kryzer received a letter stating that he would be eligible to participate in BMC's employee benefits plan beginning with his first day of employment, January 1, 1998. Id.

In November 1999, Kryzer was laid off by Vision-Ease. He was offered a severance agreement, but he refused to sign it because such agreement would require him to release his claims to benefits under the Plan. Complaint ¶ 14. On December 8, 1999, Kryzer requested copies of BMC's Plan and these were provided to him in March 2000. On May 4, 2000, Kryzer filed a claim with the Plan Administrator, asking that he be classified as a participant in the Plan on the basis that he had been a common law employee of Vision-Ease during the years he operated under the independent contractor agreements. Id. ¶ 17. The Plan Administrator denied the claim by letter dated August 2, 2000. Id. ¶ 18. On August 23, 2000, Kryzer appealed this determination, which appeal was denied on November 21, 2000. Id. ¶¶ 19 and 21.

On February 16, 2001, Kryzer filed this action requesting that he recover Plan benefits retroactively from 1980 under ERISA, 29 U.S.C. §1132(2)(1)(B). Before the Court is Defendants' motion to dismiss the Complaint under Rule 12 and/or 56 of the Federal Rules of Civil Procedure on the grounds that Kryzer's claims are barred by the statute of limitations, and that Kryzer lacks standing to bring a claim for breach of fiduciary duty under § 502(a)(2) or § 502(a)(3). Also before the Court is Kryzer's motion for partial summary judgment. By this motion, Kryzer seeks a determination that Kryzer is, by law, a common law employee. Kryzer asserts each independent contractor agreement he signed included an "exclusive sales representative service agreement", which barred him from working with or for any other company, not just competitors.

BMC's Motion to Dismiss/Summary Judgment

Statute of Limitations Issue – Accrual Date

ERISA does not provide a statute of limitations for a claim for benefits, therefore the Court must apply the most analogous limitations law of the forum state. Adamson v. Armco, Inc., 44 F.3d 650, 653 (8th Cir. 1995). The Eighth Circuit has held that the most analogous Minnesota limitations period to be applied to a claim for benefits under § 502(a)(1)(B) is found in Minn. Stat. § 541.07(5), which is two years.

While state law controls which limitation period applies, federal common law controls when the applicable state limitation period accrues. Union Pacific Railroad Company v. Beckham, 138 F.3d 325, 330 (8th Cir. 1998).

> In federal question cases, and in the absence of a contrary directive from Congress, the "discovery rule," according to which a plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation, is used to determine when the plaintiff's federal claim accrues. Id.

In the ERISA context, the Eighth Circuit has determined that generally, a claim for benefits accrues after a claim for benefits has been made and formally denied. Id. The court further held that, consistent with the discovery rule, a claim for benefits may accrue before a formal denial is made, when "there has been a repudiation by the fiduciary which is clear and made known to the beneficiary." Id. (quoting Miles v. New York State Teamsters Conf. Pension & Retirement Fund Employee Pension Benefit Plan, 698 F.2d. 593, 598 (2d Cir. 1983).

Defendants argue that Kryzer's claims accrued when he first became an independent contractor of Vision-Ease in 1980. Defendants' position is supported by Kienle v. Hunter Engineering Co., 24 F. Supp. 2d 1004, 1006-1007 (E.D.Mo. 1998), aff'd, 187 F.3d. 641 (8th Cir. 1999). In Kienle, the plaintiff had signed a sales representative

agreement that provided that "it is the essence of this Agreement that the Sales Representative is a self-employed independent business person [and] . . . shall be considered or deemed in any way to be an employee of the Company . . ." Id. at 1005. The plaintiff had brought an action for benefits against his employer and the ERISA plan, arguing that he was wrongfully prohibited from participating in the plan by designating him an independent contractor. The district court held that the claim for ERISA benefits was time-barred because the cause of action accrued on the date he initially entered into the sales representative agreement. Id. at 1006-1007. In a per curiam, unpublished opinion, the Eighth Circuit affirmed the order of the district court, for the reasons stated by the district court. Id. 187 F.3d 641.

Kryzer asks this Court not to follow the decision in Kienle, because it does not accurately apply the law of the Eighth Circuit. He argues that the district court in Kienle based its determination on the holding in Union Pacific, supra and Bennett v. Federated Mutual Insurance Company 141 F.3d 837 (8th Cir. 1998). However, in both Union Pacific and Bennett, the determination of when the cause of action accrued was based on clear communications from the Plan itself. For example, in Bennett, the court found that the cause of action accrued when the plaintiff received a letter from the plan administrator informing him that he forfeited any credit or interest accumulated by his resignation. Id. 141 F.3d at 839. In Kienle and in this case, however, there is no communication from the Plan. In fact, Kryzer states that he did not review the Plan and determine its provisions until March 2000, when he first received a copy of the Plan. Kryzer thus argues that his cause of action did not accrue until November 21, 2000, when he received the final denial letter from the plan administrator. All prior events,

including a fax about the Microsoft decision[1] and the signing of the independent contractor agreements do not qualify as a "repudiation by the fiduciary, which is clear and made known to the beneficiary."

In its independent research, this Court could find no circuit opinion expressly discussing the issue at hand – whether the signing of an independent contractor agreement qualifies as a repudiation by the fiduciary, sufficient to trigger the statute of limitations. Two district court opinions, however, in addition to Kienle, have held that a claim for benefits accrues when the beneficiary is presented with facts placing him/her on notice that he/she was considered an independent contractor, rather than an employee. See, Schultz v. Texaco Inc., 127 F.Supp. 2d 443 (S.D.N.Y. 2001); Bolduc v. National Semiconductor Corp., 35 F.Supp. 2d 106 (D. Maine 1998).

In Schultz, for example, the plaintiffs had been originally hired as employees, but were subsequently reclassified as independent contractors. Id. 127 F.Supp. 2d at 445-446. At the time the plaintiffs were reclassified, they began to receive their paychecks from temporary agencies. Id. at 446. The plaintiffs brought an action against their former employers and the ERISA plans, asserting a claim for benefits under § 502(a)(1)(B), and a claim for retaliatory discharge under § 510. The defendants moved to dismiss the claims on the basis that they were time-barred. As in this case, the defendants had argued that the plaintiffs knew or should have known that their benefits were being repudiated when they began to receive payroll checks from temporary agencies. Id. at 448. The plaintiffs countered that when they were removed from the payrolls of the employers, "they did not understand that their benefits would, as a result,

---

[1] The Microsoft decision provided that independent contractors hired by Microsoft were found to be common law employees. Defendants argue that by receiving this article, Kryzer should have been on notice that despite being classified as an independent contractor by Vision-Ease, he could possibly receive benefits as a common law employee. Upon receiving this information, Kryzer should have inquired further.

be denied. Since no other significant changes occurred in the nature of their work or in their responsibilities, they insist that they neither knew, nor should not have known of the repudiation." Id. The district court, relying on the standard that a claim for benefits accrues upon a clear repudiation by the plan that is known, or should be known, rejected the plaintiffs' argument, finding that the injury occurred at the time they were taken off the payrolls of the employer, and that "it is at this time that the repudiation, which is the basis for this lawsuit, was known, or, at a minimum, should have been known, to plaintiffs." Id.

Kryzer attempts to distinguish Schultz by arguing that the plaintiffs in that case were also asserting a § 510 claim, and that because the denial of benefits claim was embedded with the § 510 claim, the holding necessarily is based in part on the § 510 claim. This Court does not agree. Nothing in the Schultz opinion supports the position that it only applies only when a § 510 claim is also involved. In fact, the holding in Schultz is prefaced with a discussion of only the § 502 claim and the applicable accrual standard to be applied to that claim. Id. at 447-448.

Kryzer further argues that Kienle is not representative of ERISA law in the Eighth Circuit, because it disregards Eighth Circuit law that the label that a contract places upon a party is not dispositive. Kryzer argues that although he signed contracts that labeled him an independent contractor, he was a common law employee by virtue of the fact that the independent contractor agreement provided that Kryzer could only work for Vision-Ease. This argument has no merit, however, because the statute of limitation accrues is when the fiduciary repudiates a right to benefits – not whether the fiduciary has a right to repudiate benefits. See Schultz, at 448 (the injury occurs when the plaintiff knew, or should know, of the facts forming the basis of their denial of benefits).

Based on the above, the Court finds that Kienle does represent the law of the Eighth Circuit, and is consistent with the application of the discovery rule in this and

other circuits in the ERISA context. Kryzer knew, or should have known, that the Plan would not consider him eligible for benefits under the Plan when he signed the first independent contractor agreement that clearly provided that he would not be considered an employee of Vision-Ease. He thus should have known that at that time, the Plan would repudiate any and all claims he would make for benefits. Accordingly, the Court finds that Kryzer's claim for benefits is barred by the applicable two-year statute of limitations.

Because the claim for benefits has been time-barred, the parties agree that the breach of fiduciary duty claim must also be dismissed.

IT IS HEREBY ORDERED that Defendants BMC Profit Sharing Plan, BMC Industries, Inc. and Vision-Ease's motion to dismiss and/or summary judgment is GRANTED. Plaintiffs' Complaint is DISMISSED WITH PREJUDICE. Plaintiff's motion for partial summary judgment is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: Nov. 1, 2001

Michael J. Davis
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.